[Civ. No. 6301. First Appellate District, Division Two.—July 19, 1928.]

JAMES H. McKINNON, Respondent, v. JESSE B. FULLERTON et al., Appellants.

Henry C. Reynolds and Dunn, White & Aiken for Appellants.

Asa V. Mendenhall for Respondent.

WARNE, P. J., *pro tem.*—This is an appeal from the judgment declaring a certain deed executed by respondent to his daughter, Mary Ann Fullerton, one of the defendants, to be null and void, and from the order denying defendants' motion for a new trial. The defendant Jesse B. Fullerton is the husband of the defendant Mary Ann Fullerton. Since the trial of this action the said Mary Ann Fullerton has died and this appeal is prosecuted by her husband Jesse B. Fullerton.

The court found the facts to be as follows:

"That on or about the third day of February, 1921, the plaintiff and the defendants, Mary Ann Fullerton and Jesse B. Fullerton, entered into a verbal contract with the said plaintiff, by which they agreed that if the plaintiff

would make a gift deed to the defendant Mary Ann Fullerton of all the real property, hereinafter described and deliver said deed to someone in escrow with instructions to the escrow holder to deliver the said deed to said defendant Mary Ann Fullerton upon the death of said plaintiff, that the defendants Mary Ann Fullerton and Jesse B. Fullerton, as consideration for said deed, would furnish and supply the plaintiff during his lifetime with a pleasant and peaceable home; . . . ''

"That pursuant to the contract aforesaid, the plaintiff did, on or about the third day of February, 1921, prepare, subscribe and acknowledge before a notary public in proper form a deed of gift of all the real property aforesaid to said defendant Mary Ann Fullerton, and thereupon the plaintiff delivered said deed to said defendant True Van Sickle, in escrow, and instructed him to hold said deed until the death of the plaintiff and after said death to deliver said deed to the defendant Mary Ann Fullerton; that the said defendant True Van Sickle has ever since had and now has the possession of the said deed;

"That said plaintiff has complied with all the terms of the said verbal contract on his part to be performed;

"That the defendants Mary Ann Fullerton and Jesse B. Fullerton have each failed, neglected and refused to comply with the terms of said contract and still do fail, neglect and refuse to comply with the terms thereof in this, to-wit: That the defendants last above named have failed, neglected and refused to furnish or supply the plaintiff with a pleasant and peaceable home, and that thereby the consideration for said deed has failed;

"That since the said defendants Mary Ann Fullerton and Jesse B. Fullerton have failed, neglected and refused to comply with the terms of said contract, the plaintiff has demanded of said defendant True Van Sickle that he redeliver the said deed to the plaintiff, and that he has refused and still does refuse to deliver to the plaintiff the said deed;

"That when the defendants Mary Ann Fullerton and Jesse B. Fullerton agreed to furnish and supply the plaintiff, during his lifetime, with a pleasant and peaceable home, they, nor did either of them, intend to do as they had agreed;

"That if said deed is left outstanding or in the possession of the said escrow holder, it will cause serious and irreparable injury to the plaintiff and now does cast a cloud upon the plaintiff's title to said real property and will continue to do so unless the same be delivered up and cancelled."

Appellant contends that the trial court found the deed in question to be a deed of gift and that the deed having been delivered to the escrowee, title vested in the grantees and, therefore, was not subject to any further conditions.

We do not understand the findings to so hold. As we understand the findings the deed was a deed of gift in form only, it having been executed in consideration of appellant's promise to provide respondent with a pleasant and peaceful home. It is also urged by appellant that the evidence is insufficient to sustain the verdict. We have examined the record in the case and think it suffices to say that there is evidence to support the findings. Findings based upon conflicting evidence will not be disturbed upon appeal. It was for the trial court to weigh the evidence. This rule is so well settled that we do not consider it necessary to cite authorities.

It is our opinion that the order and judgment appealed from should be affirmed, and it is so ordered.

Sturtevant, J., and Nourse, J., concurred.